UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COMMERCIAL CREDIT GROUP INC., ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRUCK & TRAILER LEASING, LLC, et al., ) <br> Defendant. ) | No. 4:18CV0036 ERW |

## MEMORANDUM AND ORDER

On June 6, 2018, the Court was presented with Plaintiff Commercial Credit Group, Inc.,'s Motion for Order to Show Cause Why Defendants Should not be Held in Contempt (the "Motion") [17]. The parties appeared by counsel and in person. Upon due consideration of the record as a whole, and the announcements of the parties, the Court finds as follows:

The parties announced on the record the following stipulated facts with respect to the Motion, which this Court hereby adopts as its findings:

1. Bobir Choriev is also known as Bobir Hasan and Bobur Hasan.

2. Mr. Choriev is the sole member of Truck & Trailer Leasing, LLC, one of the Defendants in this action.

3. Mr. Choriev is the sole shareholder, the President, and the sole member of the Board of Directors of Defendant UZ Trans, Inc.

4. Mr. Choriev resides at 4229 Napa View Lane, St. Charles, MO 63304.

5. Defendant Truck & Trailer Leasing, LLC, borrowed funds from Plaintiff Commercial Credit Group, Inc., to acquire ten (10) refrigerated trailers.

6. As of the filing of this action, Truck & Trailer Leasing, LLC, and UZ Trans, Inc., (the "Choriev Entities") had possession of the following trailers (the

"Collateral"):

| Year | Manufacturer | Model | Serial No. |
|---|---|---|---|
| 2016 | Wabash | Arctic Lite trailer | 1JJV532B7GL924507 |
| 2016 | Wabash | Arctic Lite trailer | 1JJV532B9GL924508 |
| 2016 | Wabash | Arctic Lite trailer | 1JJV532B6GL924501 |
| 2016 | Wabash | Arctic Lite trailer | 1JJV532B8GL924502 |
| 2016 | Wabash | Arctic Lite trailer | 1JJV532BXGL924503 |
| 2016 | Wabash | Arctic Lite trailer | 1JJV532B1GL924504 |
| 2016 | Wabash | Arctic Lite trailer | 1JJV532B3GL924505 |

7. As of January 23, 2018, the Choriev Entities had possession of the Collateral.

8. On or shortly after January 24, 2018, the Choriev Entities received a copy of the Notice Pursuant to Missouri Supreme Court Rule 99.07 (the "Replevin Notice") and this Court's Order of Delivery in Replevin (the "Replevin Order").

9. On and shortly after April 20, 2018, the Choriev Entities received the communications attached as Exhibit B to the Motion.

10. On or shortly after April 30, 2018, the Choriev Entities received the Motion.

11. On or about May 15, 2018, the Choriev Entities received this Court's Order to Show Cause and Setting of Contempt Hearing (the "Setting Order") by regular mail, facsimile transmission, and e-mail and on May 24, 2018, the Choriev Parties received the Setting Order by service from the St. Charles County Sheriff.

12. The Choriev Entities did not deliver the Collateral as provided in the Replevin Order. The Choriev Entities did deliver six (6) items of the Collateral to Premier Auto & Self Storage on June 5, 2018, and delivered one (1) unit (with serial number ending 4505) on June 6, 2018, to Premier Auto & Self Storage.

13. The record establishes that the Choriev Entities had knowledge of their obligations

under this Court's January 23, 2018 Replevin Order and the Replevin Notice.

14. The Replevin Order [5] was a clear order of this Court with specific and precise instructions to the Choriev Entities to "immediately" deliver the Collateral to Premier Auto & Self Storage ("Premier"). The Court provided the address and telephone number for Premier in the Replevin Order.

15. The record reflects no motion filed by the Choriev Entities, or any of them, to reconsider or appeal the Replevin Order. Likewise, the record reflects that none of the Choriev Entities filed a redelivery bond. Further, the record reflects that none of the Choriev Entities filed an objection or other response to the Motion and interposed no objection at the hearing on the Motion. The Choriev Entities did not provide any reason for their failure to deliver the Collateral as required by this Court's Replevin Order.

16. On the record as submitted, the Court finds that cause exists to find the Choriev Entities in Contempt of this Court's Replevin Order. This Court, however, will decline at this time to issue an order of contempt because the Choriev Entities have, though belatedly, delivered six (6) of the seven (7) units to Premier on June 5, 2018 with the seventh unit (with the serial number ending in 4505) delivered on June 6, 2018.

For the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Order to Show Cause Why Defendants Should not be Held in Contempt [17] is **GRANTED in Part** and **DENIED in Part** as provided herein.

**IT IS FURTHER AND HEREBY ORDERED** that Commercial Credit Group, Inc., is granted leave to file a request for an order awarding its attorneys' fees and costs associated with its efforts to enforce the Order of Delivery and in filing and prosecuting the Motion is **GRANTED**

but the amount of such fees is taken under advisement. Commercial Credit Group, Inc., shall file, within seven (7) days of the date of the entry of this Order a statement of its fees and costs requested and shall contemporaneously send a copy of such statement with counsel for the Defendants. Within seven (7) days of the filing of said statement, the Choriev Parties may file any objections as to the amounts requested and the Court will enter a subsequent order with respect to said fees and expenses.

So Ordered this 6th day of July, 2018.

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**